IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | |
| SPORTSSTUFF, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 2, 2009, regarding Filing #394, Motion for Estimation of Contingent or Unliquidated Claims and Appointment of Vincent M. Powers as Court-Appointed Expert, filed by the Committee of Unsecured Creditors.

Appearances:

- Robert Ginn for the Debtor
- James Cavanagh and David Bernsen for Personal Injury Claimants
- James Cann for Axis Surplus Insurance Company
- Emmett Childers for Rhonda Brown
- Richard Garden, Jr., and Jacob Woodard for Interstate Fire and Casualty Company
- Richard Myers for Evanston Insurance Company
- Jenna Taub for Bruce Bosley d/b/a Century Marine; Cramar, Inc., d/b/a Duchow's Boat Center; and Tige Performance Boats, L.L.C.
- Martin Pelster for Dri-Port Marine, Inc.
- Douglas Quinn for Committee of Unsecured Creditors
- Frank Schepers and Wirt Brock for Robert Dunnam III
- Michael Whaley for Overton's, Inc.; Bart's Water Ski Center d/b/a Bart's Watersports; and The Wind Surf Co. d/b/a TWC Surf & Sport
- Charles Hendricks for Wal-Mart Stores, Inc.
- Elliot Olsen for Personal Injury Claimants
- T. Randall Wright for Land 'N Sea Distribution Systems, Inc.
- Gerald Gorman for Lakeside Boat Sales, Inc.
- Nicholas Kauffman as Special Litigation Counsel for SportsStuff, Inc.

The Official Committee of Unsecured Creditors of SportsStuff, Inc., has moved for the entry of an order authorizing the estimation of any contingent or unliquidated claim pursuant to 11 U.S.C. § 502(c) and requests the appointment of Vincent M. Powers, Esq., as a court-appointed expert pursuant to Federal Rule of Evidence 706(a). Vendor Overton's, Inc., filed an objection, Filing #407, in which Bart's Water Ski Center and The Wind Surf Co. joined.

The objection first seeks clarification that no estimation of the value of claims made in the Bankruptcy Court with regard to the debtor's liability will be binding upon the plaintiffs and vendors in separate litigation outside of the Bankruptcy Court. Secondly, Overton's is concerned that Mr. Powers, although quite experienced in personal injury litigation, has such experience mainly on behalf of plaintiffs. The concern is that Mr. Powers, because of his plaintiff "bias" may overvalue the claims.

In response to the first portion of the objection, counsel for the committee made it clear that any estimated values presented by Mr. Powers would be in the form of a recommendation to the

court and the court would retain the ability to enter orders limiting the applicability of such estimated amounts to the bankruptcy venue only.

With regard to the second portion of the objection, an attorney for many of the personal injury claimants explained that most of the cases pending outside of the Bankruptcy Court are in venues from which plaintiffs' counsel would expect higher jury verdicts for personal injury and wrongful death than they would expect to receive in Nebraska. Agreeing to the appointment of a Nebraska lawyer to prepare the estimations was a compromise that plaintiffs' counsel support.

The motion is granted and the objection is overruled. Any estimations made by Mr. Powers will be treated as a recommendation to the court on which the various parties will have an opportunity to comment. If any such estimations are accepted by the court, an order or orders will be entered, hopefully making it clear that the estimations are applicable in the bankruptcy case concerning the liability of the debtor and are not binding on any other court in any other venue with regard to the liability of the vendors.

Since Mr. Powers will be compensated by the bankruptcy estate, he will be expected to file a fee application and a copy of any written agreement entered into with the debtor or the committee in regard to his services.

IT IS ORDERED that the Motion for Estimation of Contingent or Unliquidated Claims and Appointment of Vincent M. Powers as Court-Appointed Expert, Filing #394, is granted, and the Objection, Filing #407, is overruled.

DATED:    June 5, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
- Robert Ginn
- James Cavanagh
- David Bernsen
- James Cann
- Emmett Childers
- Richard Garden, Jr.
- Jacob Woodard
- Richard Myers
- Jenna Taub
- Martin Pelster
- *Douglas Quinn
- Frank Schepers
- Wirt Brock
- Michael Whaley
- Charles Hendricks
- Elliott Olsen
- T. Randall Wright
- Gerald Gorman
- Nicholas Kauffman
- U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.