IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | |
| SPORTSSTUFF, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on June 18, 2009, regarding the Debtor's Disclosure Statement (Fil. #343) and First Amended Disclosure Statement (Fil. #429), and several objections.

Appearances:

- Robert Ginn and Patrick Turner for the Debtor
- James Cavanagh and David Bernsen for Personal Injury Claimants
- Emmett Childers for Rhonda Brown
- David Koukol and Mark Young for Stephanie Bykowski, Thomas Downer and James Feinauer
- Jenna Taub for Bruce Bosley, d/b/a Century Marine
- Martin Pelster for Dri-Port Marie, Inc.
- Douglas Quinn for Committee of Unsecured Creditors
- Frank Schepers and Wirt Brock for Robert Dunnam III
- Michael Whaley for Overton's, Inc.
- Charles Hendricks for Wal-Mart Stores, Inc.
- T. Randall Wright for Land 'N Sea Distribution Systems, Inc.
- Gerald Gorman for Lakeside Boat Sales, Inc.
- Trev Peterson for Joe Sirkle
- Nicholas Kauffman as Special Counsel for SportsStuff, Inc.
- Michael Weiner and Nicholas Ackerman for Sun Pleasure
- Branson Harvold for Tracy & Angela Baublits

The Debtor's First Amended Disclosure Statement, Filing #429, is denied approval.

The First Amended Disclosure Statement, which incorporates the proposed plan, purports to subordinate secured creditors to the interest of administrative claimants and priority claimants. See Article IV and Article V of the plan. This cannot be done without consent of the secured creditors.

The plan and the disclosure statement do not provide for the indemnification claims, liquidated or not. Both the disclosure statement and the plan must specify the classification and the disclosure statement should justify the classification.

The plan, at paragraph 1.1.43, uses the same definition for direct personal injury claimants and indirect personal injury claimants.

There is insufficient information concerning the patents, whether any have been licensed, and whether there is market value to any of them separate from the valuation of the company on a "going concern" basis.

Case 07-82643-TLS    Doc 432    Filed 06/25/09    Entered 06/25/09 07:52:20    Desc Main

The disclosure statement must describe, in detail, the relationship between the Debtor, Dr. Chen, and the Chinese company referred to as Brilliant Wide. It must give as much financial information as it can get about Brilliant Wide and provide an estimate of the value of the Debtor's interest in Brilliant Wide. If management continues to assert that it has no information about Brilliant Wide and cannot get it, then the disclosure statement must describe in detail the debtor's investment, the fact that Dr. Chen is a shareholder in the Debtor and that he and his family, along with the Debtor, own approximately 80% of Brilliant Wide. In addition, the disclosure statement must describe the function and duties of all of the Debtor's employees who work at Brilliant Wide. The Debtor must further explain the financial relationship between the Debtor and Dr. Chen, and explain the reason for the various distributions to Dr. Chen over the last several years. Finally, the Debtor must explain the basis for Brilliant Wide's claim that it is a secured creditor to the tune of several million dollars.

Since the plan is incorporated in the disclosure statement, the plan needs to be amended to make it clear in paragraph 5.5 of Article V that, because Class Five Unsecured Claims are subordinated to the payment of direct personal injury claims, it is unlikely that the Class Five Unsecured Claims will be paid anything.

More specifically, the disclosure statement and plan must be amended to meet all of the objections of Sun Pleasure Company Limited in Filings #389 and #390. Similarly, the disclosure statement and plan must be amended to meet objections (a) and (d) in Filing #388; paragraph 1(a), (d), (f) of Filing #386; provide information about financial condition of the company and discuss potential avoidance actions and when they will be filed, as requested in Filing #384; provide the information requested in paragraph 6(a), (c), (d), of Filing #380; and provide the information requested in paragraphs 8, 11, 12, and 13 of Filing #380.

DATED:    June 24, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
*Robert Ginn            Jenna Taub              Nicholas Kauffman
* Patrick Turner        Martin Pelster          Michael Weiner
James Cavanagh          Frank Schepers          Nicholas Ackerman
David Bernsen           Wirt Brock              Branson Harvold
Emmett Childers         Michael Whaley          U.S. Trustee
David Koukol            Charles Hendricks
Mark Young              T. Randall Wright
Thomas Downer           Gerald Gorman
James Feinauer          Trev Peterson

Movant (*) is responsible for giving notice to other parties if required by rule or statute.