IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | A08-8009-TJM |
| SPORTSSTUFF, INC., | ) | |
| | ) | CH. 11 |
| Debtor(s). | ) | |
| SPORTSSTUFF, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROSALYNE ATTALI-IN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Hearing was held in Omaha, Nebraska on September 8, 2009, regarding Filing #410 in Adversary Proceeding No. A08-8009-TJM, Motion to Stay Pending Appeal, and Filing #542 in Case No. BK07-82643-TJM, Motion to Stay Pending Appeal filed by Overton's, Inc., and joined by several parties, and several resistances.

Appearances:

- Robert Ginn and Patrick Turner for the debtor
- James Cavanagh for Personal Injury Claimants
- James Cann for Axis Surplus Insurance Company
- David Koukol and Mark Young for Stephanie Bykowski, Thomas Downer, James Feinauer
- Jenna Taub for Ace American Insurance Company, Bruce Bosley dba Century Marine, Tige Performance Boats, LLC, and Cramar, Inc. d/b/a Duchows Boat Center
- Martin Pelster for Dri-Port Marine, Inc.
- Douglas Quinn for Committee of Unsecured Creditors
- Frank Schepers for Robert Dunnam III
- Cheryl Lohaus for Overton's Inc.
- Charles Hendricks for Wal-Mart Stores, Inc.
- Elliot Olsen for Personal Injury Claimants
- T. Randall Wright for Land 'N Sea Distribution Systems, Inc.
- Gerald Gorman for Lakeside Boat Sales Inc.
- Nicholas Kaufman, Special Litigation Counsel
- Mark Oliver for Texas Mastercraft, Ltd.
- Joseph Badami for Brilliant Wide International, Ltd.
- David Hicks for David Watson

Three orders have recently been entered granting the compromise between the debtor and three separate insurance companies. The compromise allowed the insurance companies to pay the remaining proceeds of liability policies to the debtor in possession and enjoin any and all parties to the adversary proceeding from bringing any claims against the insurance companies. Those orders have each been appealed by creditor Overton's, Inc., an entity that claims to be an additional insured under the SporstStuff, Inc., insurance policies.

Several others parties joined in the appeal and the motion for stay pending appeal.

One of the insurance companies, Interstate Fire and Casualty Company, has already paid into the debtor in possession the amount which was subject to the order. The other two insurance companies have a provision in their settlement agreement and in the order approving the compromise that permits them to withhold payment pending appeal.

The concern of the movant appears to be that if the money is all paid to the debtor in possession, it may be used to pay some claimants, to the detriment of the vendors who are additional insureds.

With regard to the orders approving the compromise with Axis Surplus Insurance Company and Evanston Insurance Company, there is no need for a stay pending appeal because those entities have not paid the money in and do not intend to pay the money in until all the appeals are completed.

With regard to the order approving the compromise between the debtor and Interstate Fire and Casualty, the motion for a stay pending appeal is denied. As a practical matter, the debtor in possession is not permitted to use the funds except pursuant to a confirmed plan. The vendors who claim to be insured will have an opportunity to participate in the confirmation hearing, if any, and express their concerns. So, a stay is not necessary.

In addition, the party seeking a stay pending appeal must demonstrate that it is likely to succeed on the merits, that it will suffer irreparable injury unless the stay is granted, that no substantive harm will come to other interested parties, and that the stay will do no harm to the public interest. Ross v. Strauss (In re Ross), 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998) (citing Fargo Women's Health Organization v. Schafer, 18 F.3d 526, 538 (8th Cir. 1994); James River Flood Control Assoc. v. Watt, 680 F.2d 543, 544 (8th Cir. 1982) (per curiam)); Fed. R. Bankr. P. 8005. The movant bears the burden of proof on each of these elements by a preponderance of the evidence. In re Wire Rope Corp. of America, Inc., 302 B.R. 646, 648 (Bankr. W.D. Mo. 2003).

Neither the movant nor any party joining with the movant presented any evidence to support the motion. Even if they had attempted to present evidence on the issues, it is difficult to believe that they could have presented any evidence on the "irreparable injury" issue. As discussed above, the money is not going any place except pursuant to a confirmed plan. Since the other insurance proceeds have not been paid in, no plan dealing with these funds can be confirmed until the money from all of the insurance policies is paid in.

IT IS ORDERED that the motion for stay pending appeal, Filing #410 in Adversary Proceeding No. A08-8009-TJM, and Filing #542 in Case No. BK07-82643-TJM, is denied.

DATED:  September 17, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   Robert Ginn and Patrick Turner

      James Cavanagh
      James Cann
      David Koukol and Mark Young
      Jenna Taub
      Martin Pelster.
      Douglas Quinn
      Frank Schepers
      *Cheryl Lohaus.
      Charles Hendricks
      Elliot Olsen
      T. Randall Wright.
      Gerald Gorman
      Nicholas Kaufman
      Mark Oliver
      Joseph Badami
      David Hicks

Movant (*) is responsible for giving notice to other parties if required by rule or statute.