IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )
                                 )
SPORTSSTUFF, INC.,               )            CASE NO. BK07-82643-TJM
                                 )
                Debtor(s).       )            CH. 11

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on November 16, 2009, on the notice of deposition of Brilliant Wide International, Ltd., filed by the Official Committee of Unsecured Creditors (Fil. #591) and objection and alternative motion for protective order filed by Brilliant Wide International, Ltd. (Fil. #593). Douglas E. Quinn appeared for Official Committee of Unsecured Creditors; Joseph H. Badami and Brian S. Koerwitz appeared for Brilliant Wide International, Ltd.; Charles B. Hendricks appeared for Wal-Mart Stores, Inc.; Neil H. Ackerman and Michael J. Weiner appeared for Sun Pleasure; and David E. Bernsen appeared for various personal injury claimants.

Brilliant Wide is a manufacturer of sporting goods and is a major supplier to the debtor. Brilliant Wide's principal place of business is in Hong Kong, and its production facilities are located in mainland China. The debtor's schedules list an "inchoate interest" in Brilliant Wide, with an unknown value, among its assets. Brilliant Wide is also listed as a creditor secured by all of the debtor's assets, holding a claim of $4,108,812.81. The claim is not scheduled as contingent, unliquidated, or disputed. Brilliant Wide asserts that the security interest was perfected via a U.C.C. filing with the Nebraska Secretary of State in July 2007. No claim has been filed by or for Brilliant Wide. The creditors' committee has sought information about the asset and about the claim, but little has been forthcoming. To that end, the creditors' committee filed a motion to determine Brilliant Wide's claim. Brilliant Wide retained local counsel shortly before the hearing date, so the hearing was continued to give counsel time to file a resistance to the motion. Thereafter, counsel for the creditors' committee notified Brilliant Wide that he would take the company's deposition in Omaha, Nebraska, to explore the relationship between Brilliant Wide and the debtor and obtain documents in that regard. The hearing on the motion to determine claim was continued indefinitely while the matter of the deposition notice went forward.

Brilliant Wide objects to the deposition notice on the grounds that (1) the creditors' committee is improperly challenging Brilliant Wide's claim through a contested matter rather than an adversary proceeding; (2) the notice was not issued in accordance with Federal Rule of Civil Procedure 45 and Federal Rule of Bankruptcy Procedure 9016; and (3) the proposed time and place of the deposition are unreasonable.

Under the procedural rules of the Bankruptcy Code, Brilliant Wide is not required to file a proof of claim because the debtor has scheduled the claim. Fed. R. Bankr. P. 3003(b)(1) ("The schedule of liabilities filed pursuant to § 521(1) of the Code shall constitute prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed,

contingent, or unliquidated. It shall not be necessary for a creditor . . . to file a proof of claim or interest[.]").

Little information about the merits and substance of the claim was made available, so the creditors' committee filed its motion to determine the claim. Brilliant Wide argues that the motion is actually a disguised effort "to determine the validity, priority, or extent of a lien or other interest in property," which should have been brought as an adversary proceeding under Rule 7001. See also Fed. R. Bankr. P. 3007(b) ("A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."). However, the committee's motion (Fil. #456) merely asks that Brilliant Wide's claim either be denied for lack of information or supported by information from which an evaluation of the alleged claim could be made. This is a legitimate purpose of the committee and does not challenge the company's purported lien or constitute an attempt to make an end run around the procedural requirements. Brilliant Wide's assertion about an improper manner of obtaining jurisdiction over it is misplaced. Brilliant Wide's claim as scheduled by the debtor would be deemed allowed unless objected to, so it necessarily is subject to the court's jurisdiction even in the absence of an adversary proceeding.

Brilliant Wide does not seem to be contesting the committee's right to seek discovery pertaining to the claim and the extent to which an interest in Brilliant Wide is an asset of the debtor. The real dispute is over the location of the proposed deposition. The creditors' committee would like to take the deposition in Omaha, Nebraska, while Brilliant Wide would prefer that the deposition occur at its offices in Hong Kong.

The deposition of a corporation through its agents and officers ordinarily should occur at the corporation's principal place of business. 8A Charles Alan Wright et al., Federal Practice and Procedure Civil § 2112. Nevertheless, the court may order the deposition to take place elsewhere if factors of cost, convenience, and litigation efficiency favor a different location. New Medium Tech. L.L.C. v. Barco N.V., 242 F.R.D. 460,466 (N.D. Ill. 2007). Factors to consider when determining whether another location for the deposition is appropriate include (1) the location of counsel for both parties; (2) the size of the corporation and the regularity with which its executives travel; (3) the availability of the forum court to resolve discovery disputes; and (4) the nature of the claim and the relationship of the parties. The expense involved is also a significant factor. Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc., 604 F. Supp. 2d 26, 31-32 (D.D.C. 2009).

The weight of those factors favors Nebraska. First, counsel for both entities are located in eastern Nebraska. Second, according to counsel for the committee, Brilliant Wide is a major supplier to the debtor and has sold a significant amount of goods to the debtor. Dr. Chen, who holds ownership interests in both the debtor and Brilliant Wide, has a residence in California, so travel to the United States is not a hardship for him. It is unclear which Brilliant Wide representative will be deposed and whether that individual has had reason to travel to the United States in general or Nebraska in particular to conduct business, so that aspect of the analysis is indeterminate. Third, it would be easier for all concerned if the discovery disputes that are likely to be brought to this court during the deposition arise here rather than on the other side of the globe. Fourth, with regard to the

issue of the costs associated with traveling to the deposition, those should be borne by Brilliant Wide rather than by the creditors' committee. According to the debtor's schedules, Brilliant Wide is oversecured. It is in a better position to absorb the relevant expense than the committee is.

Finally, the nature of this dispute is unlike the normal plaintiff-defendant posture of a civil case. While Brilliant Wide is reluctant to produce records to the committee or submit to the jurisdiction of this court, the company continues to maintain that it holds a secured claim by virtue of a U.C.C. filing. Brilliant Wide's conduct throughout these proceedings gives the distinct impression that it expects to have its claim approved with no oversight and no questions asked. That is not how Chapter 11 functions, however. If Brilliant Wide thinks it has a valid secured claim in this bankruptcy case, it should be prepared to fully explain and prove its claim. Likewise, if an interest in Brilliant Wide truly is an asset of this debtor, then the debtor and Brilliant Wide are expected to be prepared to provide full disclosure of the information necessary to permit creditors to evaluate the asset's worth. So far, this has looked more like a shell game than a legitimate reorganization and patience with such practices is wearing thin.

IT IS ORDERED: Brilliant Wide's objection (Fil. #593) to the notice of deposition by the Committee of Unsecured Creditors is overruled. The deposition shall occur in Nebraska or any other location mutually agreeable to the parties. Brilliant Wide's representative should be fully prepared to provide at the deposition all of the information requested by the committee. Failure of Brilliant Wide to cooperate or provide documentary support for its claim, and for the financial interest of the debtor in Brilliant Wide, will result in sanctions, which may include disallowance of the claim.

DATED:          December 3, 2009

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
    *Douglas E. Quinn
    Joseph H. Badami
    Brian S. Koerwitz
    Charles B. Hendricks
    Neil H. Ackerman
    Michael J. Weiner
    David E. Bernsen
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.