IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | |
| SPORTSSTUFF, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

     Hearing was held in Omaha, Nebraska on January 25, 2010, regarding Filing #630, Report and Recommendations on Personal Injury Claimants, filed by the Committee of Unsecured Creditors, and several objections.

     Appearances:

- Robert Ginn for the debtor
- Douglas Quinn for Committee of Unsecured Creditors
- Jenna Taub for Ace American Insurance Company, Bruce Bosley, d/b/a Century Marine, and Cramar, Inc., d/b/a Duchow's Boat Center
- T. Randall Wright for Land 'N Sea Distribution Systems, Inc.
- Michael Whaley for Overton's, Inc., Bart's Water Ski Center, d/b/a Bart's Watersports, and The Wind Surf Co.
- Charles Hendricks for Wal-Mart Stores, Inc.
- Michael Weiner and Neil Ackerman for Sun Pleasure
- James Cann for Axis Surplus Insurance Company
- Emmett Childers for Rhonda Brown
- Elliot Olsen for Personal Injury Claimants
- Martin Pelster for Dri-Port Marine, Inc.
- Jacob Woodard for Interstate Fire and Casualty
- David Hicks for David Watson
- James Cavanagh and David Bernsen for Personal Injury Claimants
- David Koukol and Mark Young for Stephanie Bykowski, Thomas Downer, James Feinauer
- Trev Peterson for Joe K. Sirkle
- Vincent M. Powers, court-appointed expert

     The Committee of Unsecured Creditors has filed a Report and Recommendations, prepared by attorney Vincent M. Powers, regarding personal injury claimants. The Report and Recommendations has drawn objections from a variety of creditors, all or most of whom are vendors who have previously argued that they have indemnification and other rights under the products liability insurance policies owned by the debtor. The gist of the objections is that Mr. Powers prepared the Report and Recommendations based upon information provided to him by parties injured by the use of the WEGO Kite Tube, without any input from the vendors who are subject to personal injury and wrongful death lawsuits in the various states. The objectors also assert that without being provided with the information and materials the injured parties made available to Mr. Powers, they have no way to provide a meaningful comment on the legitimacy of the recommendations made by Mr. Powers.

     Mr. Powers has informed the court that he did not consider any defenses, including contributory or comparative negligence. He evaluated the claim of each of the injured parties based upon the information he received concerning each injured person's life background, earnings

capacity, and extent of injury. He did not separately consider the medical expenses which have already been incurred.

Representatives of some of the injured parties informed the court that, in contrast to the position of the vendors that most of the claim recommendations are too high, they believe most of the claim recommendations are too low. However, they have agreed to the recommendations because they understand that Mr. Powers limited his evaluation of the value of the claims to what his experience tells him juries in Nebraska would award. He did not consider what juries in other states have historically awarded for similar injuries. The representatives of the injured parties want the case to move forward so distributions can begin. They acknowledge that any funds they received through distribution from the reorganized or liquidated debtor will simply reduce the amount of their claim in the state court litigation outside of bankruptcy.

The objections are denied. Mr. Powers has done what he was assigned to do. He evaluated each claim based upon his experience as a personal injury trial lawyer in the State of Nebraska. He used information about each claimant provided by that claimant or that claimant's representative. He did not discount the value of the claims by considering any defenses the vendors may be able to assert at trial. Those defenses, if any, are still available to the vendors in the ongoing litigation.

The value recommendations made by Mr. Powers will be used for voting purposes in this Chapter 11 case, and, if a plan is confirmed, the values will be used for distribution purposes. Those value recommendations have no effect upon the rights of the injured parties or the vendors in the ongoing litigation outside of the bankruptcy court.

I accept the Report and Recommendations submitted by Mr. Powers and authorize the use of such values during the plan confirmation and distribution process.

IT IS ORDERED that the Report and Recommendations (Fil. #630) is accepted and the objections to the Report and Recommendations (Fils. #718, #720, #721, #711, #723, #724) are denied.

DATED:    February 22, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
| | | |
|---|---|---|
| Robert Ginn | *Douglas Quinn | U.S. Trustee |
| Jenna Taub | T. Randall Wright | Michael Whaley |
| Charles Hendricks | Vincent M. Powers | Michael Weiner |
| James Cann | Emmett Childers | |
| Elliot Olsen | Martin Pelster | |
| Jacob Woodard | David Hicks | |
| James Cavanagh | David Bernsen | |
| David Koukol | Mark Young | |
| Trev Peterson | Neil Ackerman | |

Movant (*) is responsible for giving notice to other parties if required by rule or statute.