IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82643-TJM |
| | ) | |
| SPORTSSTUFF, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on December 5, 2011, regarding Fil. #1049, Motion to Allow Filing of Claim Out of Time or to Allow Amendment to Claim filed by Creditor Jessica Harris, and Fil. #1050, Objection, filed by the Committee of Unsecured Creditors. Robert Ginn appeared for the Debtor, David Koukol appeared for Jessica Harris, and Douglas Quinn appeared for the Committee of Unsecured Creditors.

In 2006, prior to the bankruptcy of SportsStuff, Inc., Jessica Harris was injured while using a Wego Kite Tube. On October 10, 2006, according to an affidavit filed by John Drazkowski, an attorney for Jessica Harris, he contacted Nicholas Kauffman, a claims coordinator for SportsStuff or its insurance carriers. The purpose of the contact was to inform Mr. Kauffman of the claim and inform him that if settlement was not reached, a complaint would be filed in the Arizona state courts.

According to the affidavit, Mr. Kauffman replied that SportsStuff, Inc., was preparing for bankruptcy and that filing such complaint would be a violation of the automatic stay. He asked for a copy of the complaint and supporting evidence for Jessica's claim. In December 2007, a copy of the complaint and supporting material was provided to Mr. Kauffman. On December 31, 2007, SportsStuff filed its bankruptcy petition.

Jessica Harris was listed on the schedule of unsecured claims, with her claim scheduled as unliquidated, contingent, and disputed.

On February 11, 2008, Nicholas Kauffman and his firm were approved by this court as special litigation counsel for SportsStuff, Inc.

The original claims bar date was set in the notice of the first meeting of creditors as May 8, 2008. On April 3, 2008, the debtor, through counsel, filed a motion to extend the claims bar date to August 31, 2008, "in order to give all ample and adequate time for current and future unknown claimants to assert their claims against Debtor for purposes of allowance and distribution under the Bankruptcy Code." The motion was granted at Fil. #106 on April 4, 2008. The certificate of service, at Fil. #107, certifies that the order granting the motion to extend the time on the claims bar date was served on April 7, 2008, both electronically and through the United States mail to numerous parties, apparently all lawyers. However, counsel for Jessica Harris was not on the certificate of service and received no notice of the extension of the claims bar date.

At some point in time during the pendency of the case, it appears that the name and address of Jessica Harris's attorneys was omitted from the mailing list used by the debtor, either

in the bankruptcy case itself, or the mailing list used by the debtor in the adversary proceeding brought against all claimants and the insurance carriers.

In early 2009, counsel for Jessica Harris had contact with Patrick Turner, counsel for SportsStuff, and on March 26, 2009, sent Mr. Turner copies of the complaint, orders and settlement demand letter as proof of claim against SportsStuff.

Counsel for Ms. Harris never did file a proof of claim with the bankruptcy court.

Eventually the litigation between the debtor, the insurance companies, those parties who filed claims, and other potentially responsible marketers of the product was settled. The claims of the personal injury claimants were valued and a distribution scheme was agreed upon. The first distribution was made in 2011, but did not include any distribution to Ms. Harris.

Counsel for Ms. Harris have requested that their correspondence with Mr. Kauffman prior to the bankruptcy and with Mr. Turner after the bankruptcy petition was filed be treated as a legitimate claim enabling Ms. Harris to participate in the distribution. As part of the process, her claim has been valued by the same person that completed the valuation of all the other claims.

There is case law in this circuit and in other circuits concerning when a creditor may be deemed to have made an informal proof of claim.

When a creditor explicitly states the nature and amount of its claim and its intention to collect from the bankruptcy estate, the creditor may be deemed to have made an informal proof of claim, particularly if the creditor actively participates in the bankruptcy case. <u>First Am. Bank & Trust of Minot v. Butler Mach. Co. (In re Haugen Constr. Servs., Inc.)</u>, 876 F.2d 681, 682 (8th Cir. 1989) (per curiam).

In <u>Haugen</u>, the debtor filed a Chapter 11 petition and the creditor, which held a state court judgment, participated extensively in the case, eventually succeeding in getting the case converted to a Chapter 7. The creditor sent a letter to the U.S. Trustee stating its claim, but it did not file a proof of claim. The bankruptcy court ruled that the letter to the U.S.Trustee was an informal claim which could be amended. The Eighth Circuit affirmed, saying

> In reviewing the amendment of informal claims in bankruptcy proceedings, we look to the following standard:
>
> > "Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, *formal or informal*, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment * * *."

> In re Donovan Wire & Iron Co., 822 F.2d 38, 39 (8th Cir. 1987) (per curiam) (quoting Tarbell v. Crex Carpet Co., 90 F.2d 683, 685-86 (8th Cir. 1937) (emphasis added)). A valid informal claim need not be filed with the bankruptcy court. County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.), 597 F.2d 181, 183 (9th Cir. 1979), cert. denied, 445 U.S. 915, 100 S. Ct. 1274, 63 L. Ed. 2d 598 (1980).

876 F.2d at 682.

The circuit court concluded that the creditor in Haugen made a sufficient informal claim, pursuant to Donovan, within the bar period.

> Butler explicitly stated the nature and amount of its claim, and its desire to pursue that claim, in the letter it sent to the United States Trustee on May 27, 1986, five days after the bankruptcy court converted the case to a Chapter 7 proceeding. Moreover, Butler's active participation throughout the earlier bankruptcy proceedings demonstrated Butler's intent that the letter assert a claim. Thus, the letter constituted a timely and amendable informal claim.

Id.

The Bankruptcy Appellate Panel of the Eighth Circuit has explained the steps necessary for an informal proof of claim to be considered:

> The elements necessary to achieve status as an informal proof of claim are well known. To qualify as an informal proof of claim, the document must state the nature and amount of the claim as well as indicate the claimant's intent to hold the debtor liable and pursue the claim. In re Larson, 245 B.R. 609, 614 n.1 (Bankr. D. Minn. 2000) (citing First Am. Bank & Trust v. Butler Machinery Co. (In re Haugen Constr. Servs., Inc.), 876 F.2d 681, 682 (8th Cir. 1989)). "If the record made within the statutory period, formal or informal, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment." First Am. Bank & Trust v. Butler Machinery Co., 876 F.2d at 682.

Maynard Sav. Bank v. Michels (In re Michels), 286 B.R. 684, 691-92 (B.A.P. 8th Cir. 2002).

Simply listing the creditor on the matrix, without more, is insufficient to constitute a proof of claim. Nebraska Sec. Bank v. Sanitary & Improvement Dist. No. 7, 119 B.R. 193, 196-97 (D. Neb. 1990).

In the Fifth and Tenth Circuits, the following five-part test is used:

> [T]o qualify as an informal proof of claim: (1) the claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate;

> (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.

Nikoloutsos v. Nikoloutsos (In re Nikoloutsos), 199 F.3d 233, 236 (5th Cir. 2000) (quoting Reliance Equities, Inc. v. Valley Fed. Sav. & Loan Ass'n, 966 F.2d 1338, 1345 (10th Cir. 1992)). In Nikoloutsos, the filing of an adversary complaint was sufficient to serve as an informal claim.

The attorneys for Ms. Harris believed they had properly submitted a claim on a timely basis. They provided Mr. Kauffman, a representative of SportsStuff, Inc., pre-petition and special litigation counsel post-petition, with all of the materials necessary for him and SportsStuff to make an evaluation of the claim of Ms. Harris. The debtor failed to provide notice to counsel for Ms. Harris of the extension of the claims bar date. After the claims bar date, but long before any distribution, counsel for the debtor was provided with the same materials Mr. Kauffman had been provided pre-bankruptcy.

Ms. Harris, through her counsel, made it clear to the debtor's representatives, both pre-petition and post-petition, that she believed she had a claim against the debtor's estate. Neither the debtor nor the committee has presented any evidence to rebut the allegations by counsel for Ms. Harris that they received little, if any, information about the case from and after February of 2008. She was not given notice of the extended bar date and her lawyers provided two different counsel for the debtor with all the information needed to evaluate her claim. I conclude that she should be deemed to have made an informal proof of claim through her counsel.

IT IS ORDERED that the Motion to Allow Filing of Claim Out of Time or to Allow Amendment to Claim filed by Creditor Jessica Harris, Fil. #1049, is granted. She may file a written proof of claim, as an amended claim, with the bankruptcy clerk and she shall be permitted to participate in the distribution process.

DATED:    December 15, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  Robert Ginn
  *David Koukol
  Douglas Quinn
  U.S. Trustee

* Movant is responsible for giving notice of this order to other parties if required by rule or statute.